Florinda Capuano
vs.                Eq. No. 12157.
Frank T. Boghosian, Ex'r.

May 17, 1934.

JOSLIN, J. This is a bill of complaint seeking to have respondent declared to be a trustee of a certain

fund in the amount of $967.14 paid by the Metropolitan Life Insurance Company to the respondent as executor of the estate of Filomena Di Sano.

On April 7, 1930, the Metropolitan Life Insurance Company issued its industrial policy upon the life of Di Sano. The policy was written by arrangement between the insured and the complainant (his cousin). The complainant paid all the premiums up to the date of the insured's death, which occurred on December 10, 1932.

The first paragraph of the policy provides that the company will pay the amount stipulated therein upon receipt of proof of the death of the insured, upon surrender of the policy and evidence of premium payments, "to the executor * * * of the insured, unless payment be made under the provisions of the next succeeding paragraph".

The second paragraph is the usual facility of payment clause giving to the company the option to make payment to certain relatives of the insured "or to any other person appearing to said company to be equitably entitled to the same".

About one month after the issuance of the policy, namely, May 9, 1930, at the request of the insured, the company added thereto the following. "subject to the provisions of the policy authorizing payment at the company's option to other persons, Florinda Capuano, cousin, has been designated beneficiary to receive death benefit only".

Upon the death of Di Sano, the complainant filed with the company proof of death together with the policy and premium receipt books.

The insured left a will in which he named the respondent as executor. The will was duly admitted to probate and the respondent was appointed executor. On March 14, 1933, the company

paid to the respondent executor the money due under the policy, namely, $967.14.

The respondent's contention that the complainant has an adequate remedy at law and challenging the equitable jurisdiction herein was raised by demurrer and properly disposed of by Presiding Justice Baker in a rescript in which it was held that the "complainant's remedy at law is not adequate" and that the bill "to establish a trust * * * is a well recognized and well established jurisdiction of a Court of equity".

The respondent concedes that the insurance company did not exercise its option under the facility of payment clause; therefore we must look elsewhere in the policy for the rights of the parties hereto.

The pertinent stipulations of the first paragraph are definite. The executor is made the beneficiary. He contends that his rights as executor are vested. He denies that the addition of May 9, 1930 has any effect upon such vested rights. We cannot agree with this contention.

A policy is a contract of insurance. Said addition is an amendment to the contract. This amendment specifically and definitely designates the complainant as the beneficiary, that is, the one who should receive the death benefit. The only qualification of this designation is that the insurance company reserved its option to make payment to "other persons".

Who are meant by "other persons"? The word "persons" does not appear in the first paragraph. The second paragraph (facility of payment clause) gives to the company the option to make payment to certain relatives "or to any *other person* appearing to said company to be equitably entitled to the same by reason of having in-

curred expenses on behalf of the insured, or for his * * * burial".

So far as the evidence goes, the respondent was a stranger to the insured. He incurred no expenses in behalf of the insured or for his burial. Obviously, therefore, the company paid the proceeds of the policy to the respondent not as one of the class of "other persons" but as executor under the provisions of the first paragraph. When the executor received the same, he came into possession of the fund to which he was not entitled and which unjustly enriched him. Our conclusion is that the complainant was and is entitled to have the proceeds of the insurance policy paid to him by virtue of having been designated as beneficiary by the amendment to the policy made under date of May 9, 1930.

The complainant also urges that he is entitled to relief by virtue of the fact that in the presence of the insured he was told by the agent of the company soliciting the policy that if he paid the premiums and had possession of the policy the company would pay the proceeds thereof to him. These statements were not contradicted, nor was it denied that all premiums were paid by the complainant, nor that he had possession of the policy and surrendered it with the premium book to the company together with the proof of death.

In the case of *Prudential Ins. Co.* vs. *Roberto,* 53 R. I. 415, it was held that "when a person takes out a policy of industrial insurance and is told by the agent soliciting the policy that the money due on the policy will be paid to the person who pays the premiums and holds the policy, the company is bound by the acts of its agent".

Under the authority of this case the complainant is entitled to relief.

We come now to the claim of Bernardo Nardolillo who was made a party respondent on his own motion. He filed answer by way of cross-bill in which he sets forth that on December 12, 1932, the complainant as a beneficiary of said insurance policy agreed, in consideration that Nardolillo would undertake the burial of the insured, that he would out of the proceeds of the insurance policy pay to him the sum of $300 towards said burial; that acting upon said promise, he performed his agreement; and he prays for an order adjudicating the parties hereto to be trustees of said fund in favor of him to the extent of $300. In his testimony Nardolillo states the amount he was promised to be $150. The complainant denies any promise. A careful study of both men, while testifying, creates in the mind of the Court a serious doubt of the truth of Nardolillo's story. Furthermore, there are many circumstances connected with the alleged arrangement and the subsequent conduct of the parties which make his story unconvincing. We must, therefore, deny him the relief he asks. His right to pursue his claim against the estate is, of course, not affected by this decision.

The complainant is entitled to a decree awarding him the relief prayed for.

For complainant: Florie De Simone, Ralph Rotondo.

For respondent, Executor: Flynn, & Mahoney, Jasper Rustigian.

For respondent, Nardolillo: Harlow & Boudreau.